UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gregory Robertson Allen, | ) C/A No. 2:10-2162-DCN-RSC |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| The Department of Social Service; Paul W. Garfinkle; Charleston County Jail et al., | ) |
| Defendants. | ) |

Plaintiff is a local prisoner in the Charleston County Detention Center in North Charleston, South Carolina, serving a six-month sentence for failure to pay child support. (Complaint at 4). Plaintiff, who is proceeding *pro se*, brings this Complaint against Defendants claiming "fraud, wrongful imprisonment, [and] violation of constitutions." (Complaint at 3).[1] He files this action *in forma pauperis*, under 28 U.S.C. § 1915.[2] Plaintiff alleges that he was denied the right to counsel at his family court hearing, and that Defendant Garfinkel, who is a Family Court Judge of South Carolina's Ninth Judicial Circuit, committed an "injustice

---

[1] Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d) and (e), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

1

and abuse of power" by not allowing Plaintiff's wife or the public to attend Plaintiff's hearing, and by sentencing Plaintiff as a criminal in a civil matter. (Complaint at 5). Plaintiff's Complaint alleges no specific facts as to how or when Defendant Department of Social Services and Defendant Charleston County Jail violated his civil rights. Plaintiff's Complaint asks for no specific relief, only that he be allowed to show in court that he has medical bills of $191,000 (Complaint at 4) and that he "would like to see proper justice served in this case." (Complaint at 7).

Liberally construed, Plaintiff's Complaint attempts to allege federal constitutional violations for which 42 U.S.C. § 1983 provides a remedy.[3] However, Defendant Department of Social Services, an agency of the State of South Carolina, and Defendant Charleston County Jail, an inanimate object, are not "persons" and therefore are not amendable to suit under § 1983. In addition, Defendant Department of Social Services, as an integral part of

---

[3] Not a source of substantive rights itself, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." See *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. See *McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); see *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

South Carolina state government, has Eleventh Amendment immunity from a § 1983 suit. Defendant Garfinkel, as a South Carolina Family Court judge, has absolute judicial immunity from a § 1983 suit. Therefore, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process, because it fails to state a claim upon which relief may be granted by this Court.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious" or "fails to

state a claim on which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Plaintiff's Complaint refers to his family court child support case number, 99DR1005180. (Complaint at 6). *See* Charleston

4

County Courts Online Case Search - Civil Court Cases Inquiry http://www3.charlestoncounty.org/surfer/hosttran/group1?captcha_key=827201022027PM&captcha_text=HHLKJ&captcha_rndnumber=949&ref=COC, click on "civil and lis pendens cases," click on "search by case number" and/or "search by full or partial party name," enter "99DR10005180" and/or "Gregory R. Allen." (last visited Aug. 26, 2010).[4] It appears that Plaintiff's sentence of six months imprisonment was ordered by the family court on July 7, 2010. This action followed the court's entry, on June 24, 2009, of a bookkeeping rule to show cause, and the issuance, on October 15, 2008, of a bench warrant for Plaintiff's arrest due to his failure to appear at a prior show cause hearing, which the court had ordered on October 24, 2007.[5]

---

[4] The court may take judicial notice of factual information located in postings on government websites. See *McCormick v. Wright*, C.A. No. 2:10-cv-00033-RBH-RSC, 2010 U.S. Dist. LEXIS 13799 at *6-7 n. 5(D. S.C. Jan. 15, 2010) adopted by, dismissed without prejudice by *McCormick v. Wright*, 2010 U.S. Dist. LEXIS 13726 (D.S.C., Feb. 17, 2010); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008)(noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 685-89 (D. Md. 2008)(noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

[5] The website of the Child Support Enforcement Division of the South Carolina Department of Social Services (http://www.state.sc.us/dss/csed/enforce.htm) describes the procedure followed in a Rule to Show Cause Hearing:

> When a non-custodial parent does not make child support payments as ordered by the court, the judge will require that he/she appear before the court and explain why

Plaintiff's Complaint alleges that he is incarcerated with "murders, rape suspects, child-molesters" and that "[his] reason for being here incarcerated is child-support." (Complaint at 5). While Plaintiff complains that "This civil matter is being treated as the same above crimes. It is a civil matter with charges of criminal directions! How can this be!" (Complaint at 5), South Carolina statutory law has clearly established that failure to pay child support is punishable by imposition of a fine, or imprisonment, or both, in the discretion of the Family Court.[6]

---

payments are not being made as ordered. If the non-custodial parent cannot provide a valid reason for not making the child support payments as ordered, the judge may order one of the enforcement remedies listed on this page. In addition, the judge has the ability to fine the non-custodial parent up to $1,500 and/or sentence the non-custodial parent to up to a year in jail for failure to pay child support. If the non-custodial parent can provide a valid reason for not making the child support payments as ordered, the judge and the CSED staff will advise the non-custodial parent of the alternatives available in his/her case. If the non-custodial parent fails to appear for the Rule to Show Cause Hearing, the judge will issue a bench warrant for the arrest of the non-custodial parent.

[6] Under South Carolina Code of Laws § 63-3-620, an adult who wilfully violates, neglects, or refuses to obey or perform a lawful order of the family court, or who violates any provision of the Family Court Title of the South Carolina Code of Laws (Title 63):

. . . [m]ay be proceeded against for contempt of court. An adult found in contempt of court may be punished by a fine, a public work sentence, or by imprisonment in a local correctional facility, or any combination of them, in the discretion of the court, but not to exceed imprisonment in a local correctional facility for one year, a fine of fifteen hundred dollars, or public work

Plaintiff's first named Defendant, the Department of Social Services,[7] is immune from a suit brought pursuant to 42 U.S.C. § 1983. The Eleventh Amendment forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974). Although this language does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U. S. 1 (1890), held that the purpose of the Eleventh Amendment, *i.e.* protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"). State agencies and state instrumentalities share this immunity when they

---

sentence of more than three hundred hours, or any combination of them. An adult sentenced to a term of imprisonment under this section may earn good time credits pursuant to Section 24-13-210 and work credits pursuant to Section 24-13-230 and may participate in a work/punishment program pursuant to Section 24-13-910 unless his participation in any of these programs is prohibited by order of the sentencing judge.

[7] The caption of Plaintiff's Complaint lists this Defendant as "The Department of Social Service," which the Court construes as being intended to name the Department of Social Services.

are the alter egos of the state. *See Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).[8] As a state agency, Defendant Department of Social Services is protected by Eleventh Amendment immunity, and is entitled to summary dismissal from the instant action.

Plaintiff is barred from bringing a lawsuit for damages against Defendant Paul Garfinkel,[9] Family Court Judge of South Carolina's Ninth Judicial Circuit, by the doctrine of judicial immunity. As the Fourth Circuit has stated relevant to the reasons for the doctrine of absolute immunity for judges:

> The absolute immunity from suit for alleged deprivation of rights enjoyed by judges is matchless in its protection of judicial power. It shields judges even against allegations of malice or corruption. . . . The rules is tolerated, not because corrupt or malicious judges should be immune from suit, but only because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and

---

[8] While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the states' Eleventh Amendment immunity in § 1983 cases. *See Quern v. Jordan*, 440 U. S. 332, 343 (1979). In addition, a State may consent to a suit in a federal district court. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99, (1984). However, the State of South Carolina has not consented to such actions. *See* S.C. Code Ann. § 15-78-20(e); *Hall v. County of Carolina Dep't of Corr.*, C/A No. 2:09-3106-TLW-RSC, 2009 U.S. Dist. LEXIS 125156 at *7-9 (D.S.C. Dec. 21, 2009) accepted by, dismissed without prejudice by *Hall v. County of Carolina Dep't of Corr.*, 2010 U.S. Dist. LEXIS 14922 (D.S.C. Feb. 18, 2010)

[9] Judge Garfinkel's surname is incorrectly spelled in the caption of Plaintiff's Complaint as "Garfinkle."

> effectively, without apprehension that they
> will be subjected to burdensome and vexatious
> litigation.

*McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972)(citations omitted), overruled on other grounds, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995).

The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)(judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction."); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."); *see also Siegert v. Gilley*, 500 U.S. 226 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Burns v. Reed*, 500 U.S. 478 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); *Mitchell v. Forsyth*, 472 U.S. 511, 526

(1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").

Furthermore, to the extent that Plaintiff's Complaint could be liberally construed as seeking injunctive relief, rather than monetary damages, against Judge Garfinkel, such claim is barred by 42 U.S.C. § 1984, which states in pertinent part,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, *except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.*

*Id.* (emphasis added).

Since there is no declaratory decree involved and no request for or basis shown for entry of a declaratory judgment in this case, any claim for injunctive relief against this judicial officer is statutorily barred. *Catanzaro v. Cottone*, 228 Fed. Appx. 164 (3d Cir. April 5, 2007); *Esensoy v. McMillan*, No. 06-12580, 2007 WL 257342 (11th Cir. Jan 31 ,2007).

Plaintiff also names the Charleston County Jail as a Defendant.[10] However, it is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit"). As the Charleston County Jail, more appropriately referred to as the Charleston County Detention Center, is not a "person" amenable to suit under § 1983, any claims Plaintiff may be attempting to raise against this entity are subject to summary dismissal.

A careful review of Plaintiff's Complaint reveals that there are no allegations of any wrongdoing on the part of Defendant Department of Social Services and Defendant Charleston County Jail. Plaintiff's Complaint is, therefore, both frivolous and fails to

---

[10] The caption of Plaintiff's Complaint lists this Defendant as "Charleston County Jail," which the Court construes as being intended to name the Charleston County Detention Center.

state a claim on which relief can be granted, as to these Defendants. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389n. 2 (dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir. Feb. 18, 2003). In the absence of substantive allegations of wrongdoing against the Department of Social Services and the Charleston County Jail, there is nothing from which this Court can liberally construe any type of viable cause of action against them arising from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

Moreover, even if Plaintiff had named potentially liable Defendants and had included sufficiently clear allegations against them, which, as stated above, is not the case, his allegations of fraud, wrongful imprisonment, and violation of his constitutional rights in connection with his being found in contempt of the family court and sentenced to imprisonment for failure to pay child

12

support would *still* be subject to summary dismissal, under the *Rooker-Feldman* Doctrine. Proceedings and rulings made in the courts of the State of South Carolina cannot be reviewed or set aside by the United States District Court for the District of South Carolina in this case. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257).[11] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. *See, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991). Because the *Rooker-Feldman* doctrine is

---

[11] Appeals of orders issued by lower state courts must go to a higher state court. The Congress, for more than two hundred years, has provided that only the Supreme Court of the United States may review a decision of a state's highest court. *See* 28 U.S.C. § 1257. Since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right; *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors, *e.g. Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003). According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 2008 WL 2436157 (4th Cir. June 17, 2008)(reversing a *Rooker/Feldman* dismissal).

Longstanding precedents preclude the United States District Court for the District of South Carolina from reviewing the findings or rulings made by the South Carolina state courts. Plaintiff's submission of the Complaint in this case, claiming that the family court proceeding was an injustice and an abuse of power, appears to be an attempt to have this Court review state court proceedings that took place in the Family Court of the Ninth Judicial Circuit of South Carolina in July 2010. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). In this case, Plaintiff is clearly claiming that he has been injured by the result of state court decisions made in a child support enforcement

action. This is precisely the type of claim that the *Rooker-Feldman* doctrine precludes. *See Willner v. Frey*, 243 Fed. Appx. 744 (4th Cir. 2007). To rule in favor of Plaintiff on his claims in connection with the state court proceedings would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the courts of the State of South Carolina. Such a result is prohibited under the *Rooker-Feldman* doctrine. *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 200-202 (4th Cir. 1997).

Finally, it is noted that the "Relief" section of Plaintiff's Complaint expresses a plea for assistance and states "I would like to see proper justice served in this case" (Complaint at 7), but fails to indicate the type of relief sought by Plaintiff. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S. Ct. 2330, 45 L. Ed. 2d 272 (1975); *Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). In any event, as Plaintiff fails to state a claim upon which relief may be granted, his Complaint should be dismissed. 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case without prejudice and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

_____
Robert S. Carr
United States Magistrate Judge

August 31, 2010
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).